UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VANESSA PEREZ AND MARIA C. VARGA ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED<br>　　　　Plaintiffs<br><br>v.<br><br>T.A.S.T.E. FOOD PRODUCTS, INC. AND CARYN M. HASSLOCHER<br>　　　　Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. 5:13-cv-00655-DAE<br>Jury Demanded |

## DEFENDANTS' 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

TO THE HONORABLE JUDGE OF SAID COURT:

　　Defendants T.A.S.T.E. Food Products, Inc. and Caryn M. Hasslocher file this 12(b)(6) Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted and respectfully states:

1.　　Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *see also, Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* In 2009, the Supreme Court expounded on the *Twombly* standard, explaining that a complaint must contain sufficient

factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2009).

2.   Defendants request that the Court dismiss this case because the Complaint fails to adequately state a prima facie case for an FLSA violation, there is no private cause of action for an alleged FLSA record keeping violation; and Plaintiffs fail to adequately allege the basis for a collective action.

3.   Plaintiffs allege that Defendants employed personnel like Plaintiffs and similarly situated employees to provide catering services at KIOSK, booths and/or cafeterias but fail to describe the position Plaintiffs held and/or the type of work or job duties they each performed. Plaintiffs also fail to provide the period of time when the alleged violations occurred, where they worked, or other factual circumstances of their employment that would support their claims.

4.   Plaintiffs allege as their third cause of action that Defendants committed recordkeeping violations. The Fair Labor Standards Act does not provide a private cause of action for alleged recordkeeping violations. *See, e.g., Elwell v. Univ Hosps. Home Care Servs.*, 276 F.3d 832, 842 (6th Cir. 2002) (there is no private right of action to enforce the recordkeeping provisions of the FLSA"); *Rossi v. Associated Limousine Services,Inc.*, 438 F. Supp. 2d 1354, 1366 (S.D. Fla. 2006) (same); 29 U.S.C. §§ 216 and 217.

5. Plaintiffs assert that they are seeking a collective action of all persons similarly situated to Plaintiffs in paragraph 36. Plaintiffs, however, do not identify their job position, their job duties, the location where they worked or the period of time when the alleged FLSA violation occurred. Plaintiffs' references in the complaint to other persons as being "similarly situated" to Plaintiffs have scant meaning because the Complaint does not contain facts describing Plaintiffs' own situation. In paragraph 37 the collective action appears to expand to all "non-exempt personnel" subject to an automatic deduction of 30 minutes without any facts to show that all such persons are similarly situated to Plaintiffs. Plaintiffs have also failed to provide factual support that the FLSA was violated as a result of the alleged policy. Plaintiffs also fail to provide facts to show that all non-exempt personnel were similarly situated to Plaintiffs.

6. Defendants request that the Court dismiss this case because Plaintiffs fail to allege sufficient facts to support the claims; there is no private cause of action for the alleged violation of the FLSA record keeping requirements and Plaintiffs have failed to establish a sufficient basis for a collective action. Therefore, Plaintiffs' complaint is insufficient to state a claim upon which relief may be granted.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon a final hearing hereof that the Court grant this motion and enter a judgment dismissing Plaintiffs' claims for failure to state a claim upon which relief can be granted and award Defendants any and all relief both at law and in equity to which they may be justly entitled.

Respectfully submitted,

HOLLAND & HOLLAND, L.L.C.
North Frost Center
1250 N.E. Loop 410, Ste. 808
San Antonio, Texas 78209
Telephone: (210) 824-8282
Facsimile: (210) 824-8585

BY _____
Inez McBride
State Bar No. 13331700
Michael L. Holland
State Bar No. 09850750
Attorneys for Defendants

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing instrument has been properly delivered via the Federal Court electronic filing system pursuant to the Federal Rules of Civil Procedure, on the _16_ day of _August_, 2013, to the following counsel of record:

Melissa Morales Fletcher
Melissa Morales Fletcher, P.C.

Lawrence Morales II
The Morales Firm P.C.

_____
Inez M. McBride
Michael L. Holland

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VANESSA PEREZ AND<br>MARIA C. VARGA ON BEHALF<br>OF THEMSELVES AND ALL OTHERS<br>SIMILARLY SITUATED<br>　　　Plaintiffs<br><br>v.<br><br>T.A.S.T.E. FOOD PRODUCTS, INC.<br>AND CARYN M. HASSLOCHER<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br><br>CIVIL ACTION NO. 5:13-cv-00655-DAE<br>Jury Demanded |

**ORDER GRANTING DEFENDANTS, T.A.S.T.E. FOOD PRODUCTS, INC.
AND CARYN M. HASSLOCHER'S, RULE 12(b)(6) MOTION TO DISMISS**

On this day came on to be considered Defendants, T.A.S.T.E. Food Products, Inc. and Caryn M. Hasslocher's motion to dismiss pursuant to Rule 12(b)(6). The Court having considered the motion and response presented finds that Plaintiffs' complaint fails to state a claim upon which relief can be granted. Therefore, the Court is of the opinion that Defendants' motion is well taken, and should be, in all things, GRANTED. Accordingly, it is hereby:

ORDERED, ADJUDGED AND DECREED that Plaintiffs' complaint against Defendants T.A.S.T.E. Food Products, Inc. and Caryn M. Hasslocher is hereby dismissed and Plaintiffs shall have and take nothing against Defendants T.A.S.T.E. Food Products, Inc. and Caryn M. Hasslocher. All relief not expressly granted is hereby denied.

SIGNED AND ENTERED this ____ day of _____, 2013.

_____
UNITED STATES DISTRICT JUDGE