IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VANESSA PEREZ AND | § | |
| MARIA C. VARGAS ON BEHALF | § | |
| OF THEMSELVES AND ALL OTHERS | § | |
| SIMILARLY SITUATED | § | |
| *Plaintiffs* | § | Civ. No. 5:13-CV-00655 |
| | § | JURY DEMANDED |
| v. | § | |
| | § | |
| T.A.S.T.E. FOOD PRODUCTS, INC. | § | |
| AND CARYN M. HASSLOCHER | § | |

*Defendant*

**PLAINTIFFS' RESPONSE TO DEFENDANTS' 12(b)(6) MOTION TO DISMISS AND
BRIEF IN SUPPORT THEREOF**

COMES NOW Plaintiff Vanessa Perez ("PEREZ") and Plaintiff Maria C. Vargas ("VARGAS"), on behalf of themselves and all others similarly situated (collectively "PLAINTIFFS"), and file this response to Defendant T.A.S.T.E. Food Products, Inc.'s ("TASTE") and Defendant Caryn M. Hasslocher's ("HASSLOCHER")(collectively "DEFENDANTS") Motion to Dismiss pursuant to Rule 12(b)(6), and would show the Court as follows:

A.  Argument and Authorities

1.     When considering Defendants' motion, the court must construe the factual allegations in the complaint in the light most favorable to Plaintiff. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996).  Only if no possible construction of the alleged facts will entitle Plaintiff to relief should the court grant Defendants' motion. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984).  If the factual allegations in

1

Plaintiffs' complaint support any legal theory that entitles Plaintiffs to some relief, the court should overrule Defendants' motion.

2. In this case, Plaintiffs seeks damages against Defendants for violations of the Fair Labor Standards Act ("FLSA"), as amended due to Defendants failure to pay minimum wages and overtime. Moreover, PEREZ and VARGAS, on behalf of themselves and all other similarly situated employees, seek to recover unpaid wages, unpaid overtime, statutory liquidated damages, and reasonably attorneys' fees via a collective action.

3. Generally, to pursue a collective action, Plaintiffs must demonstrate a common policy or scheme that denied similarly situated non-exempt personnel of minimum wages and/or of overtime. *See Dreyer v. Baker Hughes Oilfield Operations, Inc.*, Civil Action No. H-08-1212, 2008 WL 5204149, at *2 (S.D. Tex. Dec. 11, 2008); *Johnson v. Big Lots Stores, Inc.*, Civil Action Nos. 04-3201, 05-6627, 2007 WL 5200224, at *9 (E.D. La. Aug. 21, 2007) ("To pursue claims against an employer, plaintiffs must be similarly situated. They do not have to be identically situated."); *Johnson v. TGF Precision Haircutters, Inc.*, 319 F.Supp.2d 753, 754-55 (S.D. Tex. 2004).

4. Contrary to Defendants' assertions, Plaintiffs have provided sufficient information to establish a claim and collective action under the FLSA; therefore, Defendants' Motion to Dismiss should be denied.

5. First, Plaintiffs allege that they provided catering services in KIOSK booths and/or cafeterias when working for Defendants. The common definition of catering is "to provide food and drink." As Defendant HASSLOCHER should be fully aware, this is what Plaintiffs did for Defendant TASTE's clients at KIOSK booths and cafeterias and this is what other non-exempt employees do for Defendant TASTE's clients at KIOSK booths and cafeterias. Every detail of

Plaintiffs' job duties is not required to pursue as collective action; therefore, Plaintiffs' Complaint provides sufficient information for Defendants to determine which non-exempt employees are similarly situated.

6. Moreover, Plaintiffs gave the exact time frames they worked for Defendants; therefore, they have provided a time frame for their damages. Additionally, the FLSA provides for a maximum of three years of damages. 29 U.S.C. §255. Accordingly, Defendants have sufficient information regarding the maximum time frame for which Plaintiffs are seeking damages on behalf of themselves and others similarly situated.

7. In addition, Plaintiff VARGAS specifically identified the common policy, of Defendants, of which she, on behalf of herself and others similarly situated, complains—issuing more than one (1) check to VARGAS when she worked over 40 hours such that neither checked reflected that she had worked over 40 hours in a workweek.

8. Furthermore, Plaintiffs PEREZ and VARGAS specifically identified the common policy, of Defendants, of which they, on behalf of themselves and others similarly situated, complain—the automatic deduction of time from said employees wages regardless of whether said employees worked during that time.

9. Finally, Plaintiffs assert recordkeeping violations under the FLSA. Plaintiff do not seek "damages" per se as a result of Defendants' violations of the FLSA recordkeeping requirement. Instead, Plaintiffs plead so to demonstrate Defendants' failure to comply with the FLSA's requirements for all employees; and Defendants' failure to pay the subject employees for the time actually worked pursuant to Defendants' common policies discussed above. Defendants' actions in this regard are relevant to Plaintiffs' claims. *See Anderson v. Mt. Clemens Pottery, Co.,* 328 U.S. 680, 686-88 (1946); *U.S. DOL v. Cole Enters*, 62 F.3d 775, 779 (6th Cir. 1995).

10. For these reasons, Plaintiffs have alleged facts necessary to prove the elements of their, and others similarly situated, claims under the FLSA.

### B. Conclusion

11. Because Plaintiffs' factual allegations support a claim upon which relief can be granted, the court should deny Defendants' motion and retain the case on the Court's docket.  In the alternative, if the Court determines that Plaintiffs have failed to state a claim, Plaintiffs asks the court to grant leave to amend the complaint.

    Respectfully submitted,

    /s/ Melissa Morales Fletcher
    **MELISSA MORALES FLETCHER**
    State Bar No. 24007702
    MELISSA MORALES FLETCHER, P.C.
    115 E. Travis, Suite 1530
    San Antonio, Texas 78205
    Phone:        (210) 225-0811
    Facsimile:    (210) 225-0821


    /s/ Lawrence Morales II
    **LAWRENCE MORALES II**
    The Morales Firm P.C.
    State Bar No. 24051077
    115 E. Travis, Suite 1530
    San Antonio, Texas 78205
    Telephone No. (210) 225-0811
    Telecopier No. (210) 225-0821

***ATTORNEYS FOR PLAINTIFFS VANESSA PEREZ AND MARIA C. VARGAS***

**CERTIFICATE OF SERVICE**

I certify that on August 27, 2013, I filed the foregoing document through the Western District of Texas' document filing system, which will provide notice to the following:

Inez M. McBride

Michael L. Holland

/s/Melissa Morales Fletcher
**MELISSA MORALES FLETCHER**