UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VANESSA PEREZ and MARIA C. VARGAS, on behalf of themselves and all others similarly situated, | § § § § | |
| Plaintiffs, | § § | CV. No. 5:13-CV-655-DAE |
| v. | § § | |
| T.A.S.T.E. FOOD PRODUCTS, INC. and CARYN M. HASSLOCHER, | § § § | |
| Defendants. | § § | |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

On January 27, 2014, the Court heard oral argument on the Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted filed by T.A.S.T.E. Food Products, Inc. ("Taste") and Caryn M. Hasslocher ("Hasslocher") (collectively, "Defendants"). ("Mot.," Dkt. # 9.) Melissa Morales Fletcher, Esq., appeared at the hearing on behalf of Vanessa Perez and Maria C. Vargas (collectively, "Plaintiffs"), and Inez McBride, Esq., appeared at the hearing on behalf of Defendants. After reviewing the supporting and opposing memoranda and considering the parties' arguments at the hearing, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss.

1

BACKGROUND

Defendant Taste is a company that provides catering services to various entities. ("Compl.," Dkt. # 1 ¶ 9.)  Defendant Hasslocher is the owner of Taste.  (Id. ¶ 5.)  Plaintiffs Vanessa Perez and Maria C. Vargas were employed by Defendants to provide catering services, including working at kiosk booths and/or cafeterias for the contracted clients of Defendants.  (Id. ¶ 8.)  Plaintiff Perez was employed by Defendants from approximately mid-June 2012 through July 17, 2013.  (Id. ¶ 10.)  Plaintiff Vargas was employed by Defendants from late September 2009 through March 16, 2013.  (Id. ¶ 11.)

In their Complaint, Plaintiffs allege that when they and other similarly situated employees worked over forty hours per week, Defendants would issue two separate paychecks, with neither check reflecting that the employees worked over forty hours a week, and neither check properly compensating said employees for the hours worked over forty hours per week.  (Id. ¶ 12.)  Plaintiffs also allege that Defendants instructed them that thirty minutes would automatically be deducted from their hours worked regardless of whether the employees worked during that time.  (Id. ¶ 13.)  Finally, Plaintiffs allege that Defendants refused to pay Perez for her last pay period of work.  (Id. ¶ 14.)

On July 19, 2013, Plaintiffs filed their Complaint alleging violations of the Fair Labor Standards Act ("FLSA").  (Dkt. # 1.)  On August 16, 2013,

Defendants filed a 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted that is now before the Court.  (Mot.)  Plaintiffs filed a Response to Defendants' Motion to Dismiss on August 27, 2013 ("Resp.," Dkt. # 11), and Defendants filed a Reply to Plaintiff's Response to Defendants' Motion to Dismiss on September 3, 2013 ("Reply," Dkt. #12).

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Review is limited to the contents of the complaint and matters properly subject to judicial notice.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  In analyzing a motion to dismiss for failure to state a claim, "[t]he court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (internal quotations and citations omitted). Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); see also Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

## DISCUSSION

Plaintiffs bring an action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA"), and seeking to recover unpaid wages, unpaid overtime, statutory liquidated damages, and reasonable attorney's fees. (Compl. ¶ 1.) Specifically, Plaintiffs assert causes of action for violations of the minimum wage and overtime wage provisions of the FLSA, and also assert recordkeeping violations under the FLSA. Plaintiffs bring this suit as a "collective action," on

behalf of themselves and all other similarly situated employees who consent to join the litigation, pursuant to § 216(b) of the FLSA. (Id. ¶ 36.)

Defendants ask the Court to dismiss this case because (1) Plaintiffs fail to adequately state a prima facie case for an FLSA violation, (2) a private cause of action for recordkeeping violations does not exist under the FLSA, and (3) Plaintiffs fail to adequately allege the basis for a collective action. (Mot. at 2.)

I.   FLSA Overtime Wages Violation and Minimum Wage Violation Claims

The FLSA provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). The FLSA also guarantees a minimum wage that must be paid by employers to each of his employees "who in a workweek is engaged in commerce or in the production of good for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206. An employer who fails to pay an employee the minimum wage under § 206 and/or proper overtime compensation for work over forty hours under section 207 is liable to the employee. 29 U.S.C. § 216(b).

Defendants argue that Plaintiffs' overtime wage violation and minimum wage violation claims should be dismissed because Plaintiffs have failed to allege a "prima facie" FLSA case. Defendants fail, however, to assert what element or elements of a "prima facie case" Plaintiffs have failed to adequately allege. Defendants also fail to cite any legal authority in their Motion to support the proposition that Plaintiffs have failed to adequately allege a "prima facie" case.[1]

Despite Defendants' contention to the contrary, Plaintiffs have alleged sufficient facts to state a claim under the FLSA. In their Complaint, Plaintiffs allege that they were employed by Defendant Taste and that Taste, a company that provides catering services to various entities, is an enterprise engaged in interstate commerce and/or the production of goods for commerce. (Compl. at ¶¶ 8, 9, 20.) Plaintiffs allege that Defendants violated the overtime wages provision of the FLSA. Specifically, Plaintiffs claim that when they and similarly situated employees worked over forty hours per week, "Defendants would issue two separate checks to said employees," and "[n]either check issued to said employees reflected that the employees worked over 40 hours a week and neither check

---

[1] Although the Defendants provided legal authority to the Court the day of the hearing, the Court directs Defendant to Local Rule 7(d)(1), which requires that "Legal authorities supporting any motion must be cited in the motion" and that "All motions must state the grounds therefore and cite any applicable rule, statute, or other authority, if any, justifying the relief sought." W.D. Tex. Civ. R. 7(d)(1).

properly compensated said employees for hours worked over 40 hours per week." (Id. ¶ 12.)  Additionally, Plaintiffs allege that Defendants' failure to pay overtime wages at time-and-a-half for hours worked over forty hours per week was "willful and intentional." (Id. ¶¶ 30, 31.)

In support of their minimum wage violation claim, Plaintiffs allege that Defendants "have engaged in a policy and/or practice of failing to pay [Plaintiffs] and the putative class members the applicable minimum wage for all hours it suffered or permitted them to work." (Id. ¶ 22.)  Specifically, Plaintiffs allege that Defendants instructed the Plaintiffs and other similarly situated employees that "a certain amount of time (30 minutes) would automatically be deducted from their hours regardless of whether said employees worked during the time." (Id. ¶ 13.)  The Plaintiffs also allege that Defendants refused to pay Plaintiff Perez for her last pay period of work.  (Id. ¶ 14.)  Furthermore, Plaintiffs allege that such conduct was "willful and intentional."  (Id. ¶ 24.)

Defendants have provided two cases to the Court in support of its argument that Plaintiffs have not stated a claim for violations of the FLSA.  The Court finds both cases distinguishable.

First, Defendants cite DeJesus v. HF Mgmt. Servs., LLC, 726 F.3d 85 (2d Cir. 2013), in which the Second Circuit affirmed the district court and held that the plaintiff failed to allege sufficient facts supporting allegations that she worked

overtime without proper compensation. In DeJesus, the plaintiff "alleged only that in 'some or all weeks' she worked more than 'forty hours' a week without being paid '1.5' times her rate of compensation." Id. at 89. The court concluded these allegations were no more than a rephrasing of the FLSA's elements. Id. Therefore, because the "complaint [merely] tracked the statutory language of the FLSA, lifting its numbers and rehashing its formulation, but alleg[ed] no particular facts," her complaint was dismissed. Id. The court noted that the plaintiff simply "repeated the language of the [FLSA]" without "estimat[ing] her hours in any or all weeks or provid[ing] any other factual context or content." Id. (emphasis added).

   In contrast, Plaintiffs here, although they may not have estimated their hours in any or all weeks, have provided "other factual context or content" to support their claims. See id. Plaintiffs here have not, as the plaintiff in DeJesus, merely "tracked the statutory language of the FLSA" without alleging particular facts; instead, Plaintiffs have provided factual content and context to their allegations asserting, specifically, that Defendants: (1) issued two separate paychecks to employees who worked over forty hours per week, with neither check reflecting that the employees worked over forty hours a week, and neither check properly compensating said employees for the hours worked over forty hours per week (Compl. ¶ 12); (2) instructed them that thirty minutes would automatically be deducted from their hours worked regardless of whether the employees worked

during that time (id. ¶ 13.); and (3) refused to pay Perez for her final pay period of work.  (id. ¶ 14.)

   Defendants next cite Coleman v. John Moore Services, Inc., in which the court granted the defendant's motion to dismiss for failure to state a claim because the plaintiff's complaint allegations were inadequate.  No. H-13-2090, 2014 WL 51290, at *1 (S.D. Tex. Jan. 7, 2014).  In Coleman, the plaintiff's FLSA allegations were as follows:

> 6. The Plaintiff worked for Defendant from on or about January 2008 to on or about May 2012 as an electrician.
>
> 7.  During one of more weeks of Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours (overtime hours).
>
> 8.  During one or more weeks of Plaintiff's employment with Defendant wherein Plaintiff worked overtime hours, Defendant failed to pay Plaintiff one and one-half times his regular rate of pay for each overtime hour worked.
>
> 9.  The acts described in the preceding paragraph violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of forty (4) per workweek. Defendant willfully violated Plaintiff's rights under the FLSA.

Id.  Comparing the plaintiff's allegations in Coleman to those in the instant case reveals the dissimilarity between the two.  In Coleman, the plaintiff's complaint contained "no allegations that provide[d] any factual context that form[ed] the basis for his claimed FLSA violation."  Id. at *4.  Citing DeJesus, the court noted that "more is required of a plaintiff than an 'all purpose pleading template' with

allegations providing no factual context and no way for the court to determine that the plaintiff has stated a claim as opposed to repeating the statutory elements of the cause of action."  Id.  (citing DeJesus, 726 F.3d at 90.)  As discussed above, Plaintiffs here have not merely tracked the statutory language of the FLSA, providing "no factual context," but instead have alleged specific facts regarding the actions of Defendants in support of their claims.

Accepting Plaintiffs' allegations as true, which the Court must in a motion to dismiss, the Court concludes Plaintiffs have alleged sufficient facts to state a claim for violations of the overtime wage and minimum wage provisions of the FLSA.  Accordingly, the Court **DENIES** Defendants' Motion to Dismiss Plaintiffs' claims for violations of the overtime wage and minimum wage provisions of the FLSA.

II.     FLSA Recordkeeping Violations Claim

Defendants argue that Plaintiffs' recordkeeping violation claim must be dismissed because there is no private cause of action under the provision.  (Mot. ¶ 4.) Defendants are correct in their assertion that the FLSA does not provide a private right of action for recordkeeping violations of the Act.  Section 211(c) of the FLSA requires every employer to "make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him."  29 U.S.C. § 211(c).  An employer

must maintain and preserve records of the wages and hours of employees and "shall make such reports therefrom" available to the Administrator of the Wage and Hour Division of the Department of Labor.  See 29 U.S.C. §§ 204(a), 211(c).  The Administrator shall prescribe regulations to enforce the provisions of this chapter.  See 29 U.S.C. § 211(c).  As the statutory scheme contemplates, only the Department of Labor is empowered to enforce that provision.  See Sandoz v. Cingular Wireless, LLC, 769 F. Supp. 2d 1047, 1061 (W.D. La. 2010) (concluding that plaintiff failed to show standing to assert a claim for recordkeeping violations under the FLSA because "the regulations appear on their face to vest such a right of action solely with the Secretary of Labor"); see also Elwell v. Univ. Hosp. Home Care Servs., 276 F.3d 832, 844 (6th Cir. 2002).

However, an employer's recordkeeping practices may nonetheless corroborate an employee's claims that the employer acted willfully in failing to compensate for overtime wages.  See Elwell, 276 F.3d at 844; Nobels v. State Farm Mut. Auto. Ins. Co., No. 2:10-CV-04175-NKL, 2011 WL 3924920, at *2 (W.D. Mo. Sept. 7, 2011) (dismissing plaintiff's separate cause of action for FLSA recordkeeping violations because there is no private cause of action, but holding the dismissal does not preclude plaintiffs from presenting evidence of recordkeeping violations to corroborate allegation of employer's willfulness in failing to compensate for overtime).

Plaintiffs have alleged that the conduct of Defendants was "willful." (Compl. ¶¶ 25, 31.) In their Response, Plaintiffs indicated that they do not seek "damages per se" as a result of Defendants' alleged recordkeeping violations. Rather, Plaintiffs asserted they have pled such violations to demonstrate Defendants' (1) failure to comply with the FLSA's requirements for all employees, and (2) failure to pay the subject employees for actual time worked pursuant to Defendants' alleged "common policies" of automatically deducting certain amounts of time and issuing separate checks when employees worked over forty hours such that neither would compensate for overtime pay. (Resp. ¶ 9.) Plaintiffs' Response indicates that they do not seek a cause of action for violations of the FLSA's recordkeeping provisions, but rather plead those actions so as to demonstrate Defendants' actions that are relevant to Plaintiffs' other claims. (Id.)

Accordingly, although in their Response Plaintiffs have made clear they did not intend to pursue a private cause of action, to the extent that the Plaintiffs' Complaint does assert an action for recordkeeping violations under the FLSA, the Court **GRANTS** Defendants' Motion to Dismiss that claim. However, such dismissal does not preclude Plaintiffs from presenting evidence of alleged recordkeeping violations in support of their properly pleaded FLSA claims for overtime wage violations and minimum wage violations.

III.	Failure to Establish a Collective Action

Defendants next assert that Plaintiffs' claims should be dismissed because they have failed to adequately allege a basis for a collective action under 29 U.S.C. § 216(b). (Mot. ¶ 2.) Specifically, Defendants argue that Plaintiffs have not alleged sufficient facts to demonstrate what employees would be "similarly situated" to them. (Id. ¶ 5.)

The FLSA allows one or more employees to pursue a "collective action," in which the employer is sued on behalf of the plaintiffs and other "similarly situated" employees. 29 U.S.C. § 216(b); see Ryan v. Staff Care, Inc., 497 F. Supp. 2d 820, 823 (N.D. Tex. 2007); Dreyer v. Baker Hughes Oilfield Operations, Inc., No. H-08-1212, 2008 WL 5204149, at *1 (S.D. Tex. Dec. 11, 2008). District courts have the discretionary power to conditionally certify a collective action, but certification is not mandatory. Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 169 (1989). Plaintiffs may move for a court to conditionally certify a class action. See, e.g., Pedigo v. 3003 South Lamar, LLP, 666 F. Supp. 2d 693, 694 (W.D. Tex. 2009) (granting the plaintiff's "Opposed Motion for Conditional Certification and Notice to Potential Class Members"); Mateos v. Select Energy Servs., LLC, No. 5:12-CV-00529-DAE, 2013 WL 5585066, at *1, --- F. Supp. 2d --- (W.D. Tex. 2013) (granting the plaintiffs' "Motion for Conditional Certification"); Vargas v. HEB Grocery Co., LP, No. SA-

12-CV-116-XR, 2012 WL 4098996, at *2 (W.D. Tex Sept. 17, 2012) (deciding a "motion for notice to potential class members" in which plaintiffs request "conditional certification of this case as a collective action under the FLSA"). A plaintiff seeking conditional certification typically attaches evidence to their motion for conditional certification, and the court's decision is often based on the "pleadings and affidavits which have been submitted." [2] Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1212 (5th Cir. 1995); see McKnight v. D. Hous., Inc., 756 F. Supp. 2d 794, 802 (S.D. Tex. 2010) (granting a motion for conditional certification and noting that the attached evidence, including depositions and affidavits, show that other employees were subject to a common policy).

      First and foremost, Defendants' Motion to Dismiss challenging the Plaintiffs' allegations that other employees are similarly situated is premature. Although Plaintiffs have requested that the court allow the action to proceed as a

---

[2] A plaintiff that moves for conditional certification attaches evidence and "bears the burden of making the preliminary factual showing that a similarly situated group of potential exists." Albanil v. Coast 2 Coast, Inc., Civil Action No. H-08-486, 2008 WL 4937565, at *3 (S.D. Tex. Nov. 17, 2008); Mateos, 2013 WL 5585066, at *2–3 (noting that the plaintiffs bear the burden of proof to make a "factual-nexus showing" that claimants are "similarly situated" and indicating that plaintiffs filed "evidentiary support in their Motion for Conditional Certification" to demonstrate whether other claimants were similarly situated); see also Guan Ming Lin v. Benihana Nat'l Corp., 755 F. Supp. 2d 504, 509 (S.D N.Y. 2010) ("In making this showing [that others are similarly situated], plaintiffs can rely on the pleadings, but only as supplemented by other evidence, such as affidavits . . . .").

collective action in their Prayer for Relief, Plaintiffs have not yet filed a motion for conditional certification with the court.

In a substantially similar case, Ambrose v. Northstar Memorial Group, the plaintiff requested, in her Prayer for Relief, that the court allow her action to proceed as a collective action pursuant to 29 U.S.C. § 216(b), and notify all class members of the action. No. 12-2278-STA-dkv, 2012 WL 3727156, at *1 (W.D. Tenn. Aug. 27, 2012). The defendants filed a motion to dismiss, arguing that the plaintiff's complaint did not meet the requirements for a collective action under § 216(b). Id. The district court denied the defendant's motion to dismiss, stating "the Court will not confuse the evidentiary requirement of the similarly situated standard with the pleading requirements necessary to set for a collective FLSA action in a complaint." Id. at *3. The court noted that "the FLSA's text expressly provides for complaints with allegations analogous to those in Plaintiff's Complaint." Id. Taking the plaintiff's allegations that she and other similarly situated to her suffered violations of their rights under the FLSA as true, the court held that the plaintiff's complaint adequately set forth specific facts sufficient facts to permit the case to proceed to the conditional certification stage and denied defendant's motion to dismiss. Id. Further, the court reasoned:

> Because conditional certification depends on the Court's consideration of evidence provided by Plaintiff, <u>the Court will not permit Defendant to defeat Plaintiff's potential collective action at the pleading stage without the benefit of such evidence</u>. If Defendant

>wishes to defeat Plaintiff's collective action allegations, it must successfully oppose Plaintiff's Motion for Conditional Certification . . . .

Id.

Here, Plaintiffs have also included, in the Prayer of their Complaint, a request that the Court allow their action to proceed as a collective action pursuant to 29 U.S.C. § 216(b), but have not yet filed a motion for conditional certification with the Court. Defendants, like those in Ambrose, have filed a motion to dismiss arguing that Plaintiffs have failed to adequately allege a basis for a collective action under 29 U.S.C. § 216(b).

At the pleading stage, taking the Plaintiff's allegations that other similarly situated employees were subject to the same policies as true, Plaintiffs have alleged specific facts sufficient to permit the case to proceed as a collective action beyond the pleading stage. Plaintiffs have alleged that they and similarly situated employees were (1) not properly compensated for the overtime wages that they worked based upon Defendants policy of issuing two separate checks to employees that worked over forty hours, and (2) not properly compensated for the time actually worked based upon Defendants' policy of automatically deducting a certain amount of time from their paychecks regardless of whether said employees worked during that time. (Compl. ¶¶ 12–13.)

Based on the foregoing, Defendants' Motion to Dismiss based upon Plaintiffs' failure to adequately demonstrate other employees are "similarly situated" for purposes of their purported collective action pursuant to § 216(b) is **DENIED**.  If the Defendants wish to contest Plaintiffs' collective action allegations that similarly situated employees were subject to the alleged policies of Defendants, they may do so in opposition to Plaintiff's motion for conditional certification.

## CONCLUSION

For the reasons given, the Court hereby **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss (Dkt. # 3).  To the extent the Plaintiffs' Complaint asserts a private cause of action for recordkeeping violations under the FLSA, the Court **GRANTS** Defendants' Motion to Dismiss that claim. The Court **DENIES** Defendants' Motion to Dismiss Plaintiffs' FLSA overtime wage violation claim and minimum wage violation claim, and also **DENIES** Defendants' Motion to Dismiss on the basis that Plaintiffs have failed to adequately allege the basis for a collective action.

IT IS SO ORDERED.

DATED: San Antonio, Texas, February 3, 2014.

_____
David Alan Ezra
Senior United States Distict Judge