UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VANESSA PEREZ AND | § | |
| MARIA C. VARGA ON BEHALF | § | |
| OF THEMSELVES AND ALL OTHERS | § | |
| SIMILARLY SITUATED | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:13-cv-00655-DAE |
| | § | Jury Demanded |
| T.A.S.T.E. FOOD PRODUCTS, INC. | § | |
| AND CARYN M. HASSLOCHER | § | |
| Defendants. | § | |

## DEFENDANTS' ORIGINAL ANSWER TO
## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, T.A.S.T.E. Food Products, Inc. (hereinafter "TASTE") and Caryn M. Hasslocher (hereinafter "Hasslocher") file Defendants' Original Answer to Plaintiffs' Original Complaint and respectfully states:

1.     Defendants deny the averments in paragraph 1 of Plaintiffs' Original Complaint except Defendants admit Plaintiffs are asserting a claim under the Fair Labor Standards Act, however, Defendants deny the alleged violations of the FLSA and deny Plaintiffs are entitled to certify a collective action.

2.     Defendants admit that Plaintiff Perez is an individual. Defendant is without sufficient knowledge or information to admit or deny Plaintiff Perez's residence.

3.     Defendants admit that Plaintiff Vargas is an individual. Defendant is without sufficient knowledge or information to admit or deny Plaintiff Vargas' residence.

4.      Defendants deny the averments in paragraph 4 of Plaintiffs' Original Complaint except that Defendants admit TASTE is a Texas Corporation and its registered agent for service of process is Caryn M. Hasslocher.

5.      Defendants deny the averments in paragraph 5 of Plaintiffs' Original Complaint except Defendants admit Hasslocher is an individual and was served.

6.      Defendants admit that this Court has jurisdiction over the claims.

7.      Defendants admit venue is proper.

8.      Defendants deny the averments in paragraph 8 of Plaintiffs' Original Complaint except that Defendants admit TASTE had an annual gross volume of sales of not less than $500,000.

9.      Defendants deny the averments in paragraph 9 of Plaintiffs' Original Complaint except that Defendants admit that TASTE provides catering services to various entities and TASTE employed Perez and Vargas.

10.     Defendants deny the averments in paragraph 10 of Plaintiffs' Original Complaint.

11.     Defendants deny the averments in paragraph 11 of Plaintiffs' Original Complaint.

12.     Defendants deny the averments in paragraph 12 of Plaintiffs' Original Complaint.

13.     Defendants deny the averments in paragraph 13 of Plaintiffs' Original Complaint.

14.     Defendants deny the averments in paragraph 14 of Plaintiffs' Original Complaint.

15.     Defendants incorporate the preceding paragraphs by reference herein in response to each paragraph incorporated by reference by Plaintiff as asserted in paragraph 15 of Plaintiffs' Original Complaint.

16.     Defendants deny the averments in paragraph 16 of Plaintiffs' Original Complaint.

17.     Defendants deny the averments in paragraph 17 of Plaintiffs' Original Complaint.

18.     Defendants deny the averments in paragraph 18 of Plaintiffs' Original Complaint.

19.     Defendants deny the averments in paragraph 19 of Plaintiffs' Original Complaint except that Defendants admit Perez and Vargas were employed by TASTE.

20.     Defendants deny the averments in paragraph 20 of Plaintiffs' Original Complaint.

21.     Defendants deny the averments in paragraph 21 of Plaintiffs' Original Complaint except that Defendants admit Perez and Vargas were employed by TASTE.

22.     Defendants deny the averments in paragraph 22 of Plaintiffs' Original Complaint.

23.     Defendants deny the averments in paragraph 23 of Plaintiffs' Original Complaint.

24.     Defendants deny the averments in paragraph 24 of Plaintiffs' Original Complaint.

25.     Defendants deny the averments in paragraph 25 of Plaintiffs' Original Complaint.

26.     Defendants deny the averments in paragraph 26 of Plaintiffs' Original Complaint.

27.     Defendants incorporate the preceding paragraphs by reference herein in response to each paragraph incorporated by reference by Plaintiff as asserted in paragraph 27 of Plaintiffs' Original Complaint.

28.     Defendants deny the averments in paragraph 28 of Plaintiffs' Original Complaint.

29.     Defendants deny the averments in paragraph 29 of Plaintiffs' Original Complaint.

30.     Defendants deny the averments in paragraph 30 of Plaintiffs' Original Complaint.

31.     Defendants deny the averments in paragraph 31 of Plaintiffs' Original Complaint.

32.     Defendants deny the averments in paragraph 32 of Plaintiffs' Original Complaint.

33.     Defendants incorporate the preceding paragraphs by reference herein in response to each paragraph incorporated by reference by Plaintiff as asserted in paragraph 33 of Plaintiffs' Original Complaint.

34.     Defendants deny the averments in paragraph 34 of Plaintiffs' Original Complaint.

35.     Defendants incorporate the preceding paragraphs by reference herein in response to each

paragraph incorporated by reference by Plaintiff as asserted in paragraph 35 of Plaintiffs' Original Complaint.

36.     Defendants deny the averments in paragraph 36 of Plaintiffs' Original Complaint. To the extent necessary Defendants further deny that Plaintiffs are entitled to bring a collective action and further deny claims may be brought for the three years preceding filing the complaint.

37.     Defendants deny the averments in paragraph 37 of Plaintiffs' Original Complaint. To the extent necessary Defendants further deny that Plaintiffs are entitled to bring a collective action, further deny that Defendants had a common policy or scheme that wrongfully denied non-exempt personnel of minimum wage and/or overtime, and further deny claims may be brought for the three years preceding filing the complaint.

38.     Defendants deny that Plaintiffs are entitled to the relief sought as alleged in the averments in paragraph 38 of Plaintiffs' Original Complaint.

## AFFIRMATIVE DEFENSES

1     Plaintiffs' claims are barred to the extent Plaintiffs' causes of action accrued outside the two year statute of limitations. 29 U.S.C. § 255(a). Alternatively and without waiving Defendants' assertion that Plaintiffs cannot show that Defendants committed any alleged unlawful act willfully, Plaintiffs' claims are barred to the extent Plaintiffs' causes of action accrued outside the three year statute of limitations. 29 U.S.C. § 255(a).

2.     Plaintiffs' claims are barred because the acts or omissions complained of were made in good faith and with reasonable grounds to believe that the acts or omissions were not a violation of the FLSA.

3.     Defendants cannot be held liable for any alleged uncompensated work that would be barred based on the de minimis doctrine.

4.    Defendants are entitled to wage credit for the value of meals provided to Plaintiffs and/or any class member.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon a final hearing hereof that Plaintiffs recover nothing of and from Defendants and that the Court enter a judgment denying Plaintiffs relief in this cause and to dismiss all causes of action against Defendants with prejudice to refiling and to award Defendants any and all relief both at law and in equity to which they may be justly entitled.

Respectfully submitted,

HOLLAND & HOLLAND, L.L.C.
North Frost Center
1250 N.E. Loop 410, Ste. 808
San Antonio, Texas  78209
Telephone:  (210) 824-8282
Facsimile:  (210) 824-8585

BY _____
Michael L. Holland
State Bar No. 09850750
Inez McBride
State Bar No. 13331700
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

A true and correct copy of the above and foregoing instrument has been properly delivered pursuant to the Federal Rules of Civil Procedure, on the _17_ day of _February_, 2014, to the following counsel of record:

> Melissa Morales Fletcher
> Lawrence Morales II
> The Morales Firm P.C.
> 115 E. Travis, Suite 1530
> San Antonio, Texas 78205

Michael L. Holland
Inez McBride